UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MIKE EVANS CRANE SERVICES, LLC,** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 2:11-cv-01525** |
| **CASHMAN EQUIPMENT CORP.** | * | **JUDGE: HELEN G. BERRIGAN** |
| | * | **MAG. JUDGE: ALMA L. CHASEZ** |
| * * * | | |

**ORDER AND REASONS**[1]

Before the Court is a Motion to Dismiss filed by Third Party Defendant, Inland Marine Services, LLC ("Inland"). (Rec. Doc. 44). Defendant in the original complaint, Cashman Equipment Corporation ("Cashman") opposes the motion. (Rec. Doc. 50). Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Dismiss should be GRANTED for the following reasons.

**I. BACKGROUND**

This case arises out of Cashman's alleged failure to pay the Plaintiff Mike Evans Crane Services, LLC ("MECS") for services and incurred charges due for MECS's work rendering repair services to Cashman's dredge vessel, the JMC 5 ("JMC 5"). (Rec. Doc. 39, ¶ 3-9). At various times in 2010 and 2011, MECS performed services for Cashman on an open account, and MECS issued numerous invoices to Cashman in connection with those services. (Rec. Doc. 44, p. 1); (Rec. Doc. 1-1, p. 2). During this period, Inland was leasing the JMC 5 from Cashman, and MECS performed

---

[1]Jessica Earl, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

certain repairs to the crane component of the JMC 5, at Cashman's direction. (Rec. Doc. 44, p. 2). Cashman allegedly failed to pay MECS in connection with various invoices, including invoices conerning the JMC 5. *Id.* As a result, Cashman allegedly became indebted to MECS for the amount of $123,153.73. *Id.*; (Rec. Doc. 1-1, p. 2). On June 15, 2011, MECS filed its original complaint as a "Petition on Open Account" in the Louisiana State 32nd Judicial District Court for the Parish of Terrebonne. (Rec. Doc. 1-1, p. 2). In the original state court complaint, Cashman was made the sole defendant. *Id.* Thereafter, on June 28, 2011, Cashman removed the suit to this Court on the sole basis of 28 U.S.C. § 1332 diversity jurisdiction. (Rec. Doc. 1, p. 2-3). When Cashman removed this action based on § 1332 diversity jurisdiction, Plaintiff did not object to the basis of jurisdiction or assert an alternative basis of jurisdiction. (Rec. Doc. 12, p. 4-5).

On October 15, 2012, Cashman filed a third party complaint against Inland under Rule 14(c) of the Federal Rules of Civil Procedure. (Rec. Doc. 39, p. 2). In its third party complaint, Cashman alleges that Inland chartered the JMC 5 from Cashman on multiple occasions pursuant to charter parties executed by Inland and Cashman. *Id.* at 1. Further, Cashman argues that Inland was the party that contacted MECS for the crane repairs, and, after MECS rendered the repair services, Inland was responsible for the paying MECS for the repair services. *Id.* at 2. Cashman alleges that Inland failed to pay MECS. *Id.* Subsequently, Inland filed the instant Motion to Dismiss, alleging that this Court lacks subject matter jurisdiction over Cashman's third party complaint. (Rec. Doc. 44).

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Standard of Review

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *Benton v. U.S.*, 960 F.2d 19, 21 (5th

Cir.1992); *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D. La.2003). In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). The Supreme Court has ruled a district court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level. The pleading must contain something . . . more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegation in the complaint are true (even if doubtful in fact)." *Id.* Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996). "[N]o presumptive truthfulness attaches to the plaintiff's allegations [under a 12(b)(1) challenge], and the court can decide disputed issues of material fact in order to determine whether or not it has the jurisdiction to hear the case." *Montez v. Department of Navy*, 392 F.3d 147, 149 (5th Cir.2004)

**B. Discussion**

In filing its Third-Party Complaint, Cashman relies upon Rule 14(c) to implead Inland. (Rec. Doc. 39, p. 2). Rule 14(c) provides as follows:

> **Admiralty and Maritime Claims.** When a *plaintiff* asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who

> asserts a right under Supplemental Rule C(6)(a)(1), as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff. (emphasis added).

Fed. R. Civ. P. 14(c).

In turn, Rule 9(h) states in pertinent part that:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule 14(c) . . .

Fed. R. Civ. P. 9(h).

Thus, for Cashman to proceed under Rule 14(c), the conditions in Rule 9(h) must be satisfied. Because the instant case was removed based on this Court's original jurisdiction over actions between diverse parties, 28 U.S.C. § 1332, the Plaintiff must have provided a statement in his Complaint identifying the claim as "an admiralty or maritime claim for the purposes of Rule 14(c)" or "within the meaning of Rule 9(h)." *See Bodden v. Osgood,* 879 F.2d 184, 186 (5th Cir.1989); *Harrison v. Glendale Drilling Co.,* 679 F. Supp. 1413, 1418 (W.D. La.1988). *See also* Fed. R. Civ. P., Forms 2 and 15.  In MECS's original complaint in state court, MECS's jurisdictional statement provided that "[a]s per LSA-C.C.P. Art. 74.4 this Honorable Court has jurisdiction of this matter as the account was created in Terrebonne Parish, Louisiana." (Rec. Doc. 1-1, p. 3).  MECS filed his complaint in state court rather than federal court, and never mentioned Rules 9(h) or 14(c).

The court in *Harrison*, explained the procedural circumstances under which Rule 14(c) is applicable should the plaintiff not mention admiralty jurisdiction stating "[a] *defendant* may invoke Rule 14(c): (1) whenever the plaintiff has asserted a claim which has been specifically identified in the complaint as one in admiralty . . . or (2) when it is apparent from a reading of the complaint that admiralty jurisdiction is *the only basis* for federal subject matter jurisdiction over the action." 679 F. Supp. at 1418 (emphasis added). In order to determine if the claim is brought under Rule 9(h), one must look to the complaint. *Tipton v. General Marine Catering Co.*, 1989 WL 13554 at *2 (E.D. La. 1989). "If the claim is such that *the only possible basis* for federal subject matter jurisdiction is admiralty, then the plaintiff need not have made a specific Rule 9(h) designation." *Id.*(emphasis added). If, however, there are other possible bases for subject matter jurisdiction, the plaintiff must employ an "identifying statement" in accordance with Rule 9(h) in order to be entitled to the special benefits afforded to admiralty litigants. *Harrison*, 679 F. Supp. at 1418. Inland argues that because the original complaint was removed on the basis of the Court's diversity jurisdiction, and not it's admiralty and maritime jurisdiction, that Cashman does not have the right to unilaterally invoke admiralty jurisdiction by bringing its Rule 14(c) impleader. (Rec. Doc. 44, p. 7).

A review of the complaint reflects that federal jurisdiction was never mentioned by MECS. *See generally* Rec. Doc. 1-1. In its opposition, Cashman argues that because the underlying dispute centers on maritime claims that the case is maritime in nature, and therefore Rule 14(c) applies. (Rec. Doc. 50, p. 2). Cashman argues that "significant research" has revealed that "no cases share a factual scenario analogous to the instant matter."[2] *Id.* As such, Cashman argues the Court must

---

[2] The Court references cases, within this Circuit, that share similar factual scenarios to the instant matter: *See generally Gable v. Klaipeda Transport Fleet, Ltd.*, 2006 WL 1307954 (S.D. Miss. May 11, 2006); *Kilgore Marine Services, Inc. V. Fireman's Fund Insurance Co., et*

look to the "nature" of MECS's original state court complaint, including the exhibits filed with the complaint. *Id.* Cashman asserts that "many" of the repair charges sought by MECS are for services provided to vessels, including a tug boat and a floating dredge, and as a result, this indicates that MECS asserted maritime jurisdiction in its original complaint. *Id.* at 3-4. Cashman cites both *Harrison* and *Tipton* in support of its argument that the plaintiff need not make a Rule 9(h) designation if the only possible basis for the plaintiff's claim is admiralty jurisdiction. The Court, however, fails to see how this argument is plausible.

   A review of the complaint reflects that MECS asserted jurisdiction in the state court based on the parish in which their invoice account with Cashman was kept open. (Rec. Doc. 1-1). When Cashman removed the suit to this Court, it brought the suit *on the basis of diversity jurisdiction.* This removal in itself indicates that there is clearly another basis for federal jurisdiction: 28 U.S.C. § 1332. Additionally, Rule 9(h) provides that where a claim is based on the jurisdiction of the district court on a ground *other than* the court's admiralty and maritime jurisdiction, Rule 14(c) will apply only if the pleading *also* sets forth a claim for relief under the court's admiralty and maritime jurisdiction. Beyond failing to mention Rules 9(h) or 14(c), MECS filed its Complaint in state court rather than federal court, which maintains exclusive jurisdiction over admiralty actions. 28 U.S.C. § 1333; *Bodden*, 879 F.2d at 186. Further, when Cashman removed this action based on 28 U.S.C. §1332, MECS *did not object* to the basis of jurisdiction nor did it assert alternative jurisdiction in admiralty. *See* Rec. Doc. 12. In fact, MECS argued that the amount in controversy exceeded the jurisdictional minimum for the case to proceed under diversity jurisdiction in the matter and made

---

*al.*, 2008 WL 3557711 (W.D. La. July 18, 2008).

no mention of admiralty or maritime jurisdiction. *Id.*; *see also Bodden,* 879 F.2d at 186 (where complaint alleged suit brought under admiralty and general maritime laws, but where suit was filed in state court which lacked jurisdiction and plaintiff failed to object to defendant's removal to federal court solely on diversity grounds, no admiralty jurisdiction). Further, nowhere in any subsequent motion does MECS ever attempt to invoke Rule 9(h). In fact, in MECS's subsequent Motion for Summary Judgment against Cashman, MECS argues that even if maritime law *may apply* "the result must be the same." (Rec. Doc. 58-2, p. 8). This seems to indicate to the Court, it is not pertinent to MECS what the basis for federal jurisdiction is, so long as MECS is granted relief. In *Harrison,* the Court made it clear that the *plaintiff,* not the defendant, must designate the claim as one in admiralty for Rule 14(c) to apply. Additionally, the Court clearly recognized that the *plaintiff* must employ an "identifying statement" under Rule 9(h) in order for the admiralty and maritime rules to apply. As the pleadings currently stand, MECS has not done so in this case, nor has MECS attempted to invoke any other jurisdiction. Rather, MECS has agreed with Cashman that diversity jurisdiction was grounds for basis of removal to this Court, and MECS has suggested that maritime law *may* apply in this case, but recognizes other forms of federal jurisdiction suffice. (Rec. Doc. 58-2). Despite Cashman's argument that some of MECS's exhibits indicate the "nature" of claims may be maritime, this argument does not suffice to overcome the clear holding in *Harrison* that if the only possible basis for federal subject matter jurisdiction is admiralty, it is not necessary for MECS to mention Rule 9(h). Thus, because maritime jurisdiction is not the sole available basis of jurisdiction, and because it is clear that MECS has not chosen to invoke the maritime jurisdiction of this Court, the Court finds Cashman's third party complaint is improper, without engaging in an analysis of whether maritime jurisdiction could in fact be invoked. *See Bryan v. Associated Container Transp.*

*(A.C.T.)*, 837 F. Supp. 633, 641-42 (D.N.J. 1993). Such an analysis would only be appropriate if the argument for maritime jurisdiction given by Cashman had at some point been joined in by MECS and accompanied by at least an indication that MECS wished to amend its complaint. *Id.*

Although not part of the reason for its holding, the Court is also concerned whether the third party complaint presents a case or controversy that is presently justiciable given that MECS has never once amended its Complaint alleging a claim or seeking damages under admiralty law. *See Gable*, 2006 WL 1307954 at *3. Based on the considerations stated herein, the Court finds that MECS has failed to properly invoke Rule 9(h) and therefore, Cashman's attempt to implead Inland under Rule 14(c) is improper.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Inlands's Motion to Dismiss is **GRANTED.**

New Orleans, Louisiana, this 26th day of February, 2013.

_____

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**