UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MIKE EVANS                                        CIVIL ACTION

VERSUS                                            NO. 11-1525

CASHMAN EQUIPMENT CORP.                           SECTION: "C" (5)

ORDER AND REASONS

Before the Court is plaintiff Mike Evans Crane Services, LLC's (hereinafter "MECS")

motion for summary judgment. Rec. Doc. 58.  Cashman Equipment Corp. (hereinafter

"Cashman") opposes the motion. Rec. Doc. 64.   Having considered the record, the

memoranda of counsel and the law, the Court has determined that summary judgment is

GRANTED IN PART and DENIED IN PART for the following reasons.

## I. Background

This case arises out of Cashman's alleged failure to pay MECS for MECS's repair

services to equipment belonging to Cashman. Rec. Doc. 1, p. 1. At various times in 2010 and

2011, MECS performed services for Cashman on an allegedly open account, and MECS

issued numerous invoices to Cashman in connection with those services. Rec. Doc. 58 at

2-3.  The allegedly ordered work is identified in invoices 892, 919, 926, 947, 959, 962, 972,

1

974, 988, 1026, 1036 and 1090. Rec. Doc. 1, Exh. A. MECS is in the business of repairing cranes, and it contends that throughout the 2010 and 2011 period, it continuously maintained an open account with Cashman, which set forth an itemized statement of accounts and invoices for all repair work done to the cranes on Cashman vessels. *Id.*, Rec. Doc. 58, p. 2-3.  MECS alleges that all repair work was done at Cashman's direction and approval. Rec. Doc. 58-2, p. 2. MECS further alleges that Cashman accepted all work done by MECS and never complained to MECS about the quality of work performed by MECS. *Id.* at 3.  Cashman has not paid MECS in connection with the invoices. *Id.*  As a result, Cashman allegedly became indebted to MECS for the amount of $123,153.73. Rec. Doc. 1, Exh. A.  On June 15, 2011 MECS filed its original complaint as a "Petition on Open Account" in the Louisiana State 32nd Judicial District Court for the Parish of Terrebonne. Rec. Doc. 1, p. 2.  Thereafter, on June 28, 2011, Cashman removed the suit to this Court on the basis of 28 USC  § 1332 diversity jurisdiction.  Rec. Doc. 1, p. 2-3.  In its Motion for Summary Judgment, MECS further alleges its attorney's fees and costs billed in relation to this suit total approximately $21,000.00, as of February 1, 2013, in addition to the amount owed on the invoices. Rec. Doc. 58, p. 3.

## II. Law and Analysis

### A. Standard for Summary Judgment

Summary judgment is proper only when the record indicates that there is not a

"genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1996). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co .*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex*, 477 U.S. at 323. "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995) (citing *Celotex*, 477 U.S. at 322–24). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the

3

evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249–50.

### B. Maritime Law

Cashman alleges in its opposition that that General Maritime Law, not Louisiana State Law, governs MECS's claims. Rec. Doc. 64, p. 6.   Cashman argues that because MECS's claims are for services rendered to multiple vessels including a tug boat, a crane barge, and a floating dredge, the claims are "indisputably maritime in nature". *Id.*   The Court, however, has already determined that maritime jurisdiction does not govern this case. Rec. Doc. 66.   Cashman previously filed a separate, third party impleader against Inland, in which Cashman also argued maritime law governed the case, and therefore, Inland could be joined as a third party defendant because of the liberal maritime joinder rules. *Id.*   In its Order and Reasons, the Court dismissed this argument. *Id.*   The Court explained that Maritime jurisdiction must be designated by the *plaintiff* bringing suit, and MECS did not argue maritime jurisdiction in its original state court complaint, nor has it in any subsequent motion. *Id.* at 7.   In fact, Cashman originally removed the suit to this Court on the basis of 28 USC USC § 1332 diversity jurisdiction, and Cashman did not raise the issue of maritime jurisdiction in its Notice of Removal.  Rec. Doc. 1, p. 2-3. For the same reasons indicated in the previous Order and Reasons, the Court finds that maritime jurisdiction does not apply. Rec. Doc. 66, p. 7.

### C. Law on Open Account

MECS moves for summary judgment based on contract law and the law on open account under Louisiana Revised Statute § 9:2781.  Plaintiff claims that because Cashman admitted that MECS performed the work as evidenced in the unpaid invoices, and because Cashman's representative Jamie Guy testified that Cashman did not have any particular problems or issues with any of the unpaid invoices, the quality or amount of work, it is entitled to summary judgment for the amount of the invoices, $123,153.73, and attorney's fees. Rec. Doc. 58, p. 7.

The plaintiff defines the type of agreement made between the parties as one that recurred based on an open account rather than a series of discrete contracts. *Shreveport Elec. Co., Inc. v. Oasis Pool Service, Inc.*, 38, 776 (La.App. 2 Cir. 9/29/04), 889 So.2d 274, 279.   On an open account, a lien of credit is running and services are recurrently granted over a period of time. *Tradewinds Environmental Restoration, Inc. v. Biomedical Applications of LA, Inc.*, No. 06-1093, 2007 WL 861156, at *7 (E.D. La. Mar. 20, 2007) (*quoting Shreveport Elec.*, 889 So.2d at 279 (citing La. Civ.Code art 1906)). A test used by Louisiana courts to determine whether a contract is one on open account is to look at whether the parties had other past, current or anticipated future business dealings and whether a line of credit was extended. *Id.*  Defendant contended that maritime law was applicable, but did not make a claim as to whether the law on open account would apply should the court find contract law rather

5

than maritime law to apply. Rec Doc. 64, p. 6.  In so doing, defendant waived any argument that the law on open account did not apply at common law.  Cashman also appears to have conceded that the relationship between Cashman and MECS was of the type that takes place on open account when it referred to "following the usual course of dealings." *Id.* p. 3.  Here, the recurring nature of the transactions between the parties makes it apparent that they took place on open account.

Plaintiff asks the court to grant summary judgment in the amount of all unpaid invoices because the work done for the invoices is not in dispute. Rec. Doc. 58, p. 7. Defendant claims "there are factual disputes as to the reasonableness of certain charges, MECS's concession as to the excessive charges and MECS's variance from the prior course of business dealings between the parties." Rec. Doc. 64, p. 1.  It also claims "there are issues of fact related to whether a character of one of Cashman's vessels is the party actually responsible for certain charges." *Id.*  Upon a close reading of the opposition, it is clear to the Court that Cashman only makes these claims disputing summary judgment for invoices 988 and 1036. *Id.* p. 2 & p. 4. As to invoice number 988, Cashman alleges that both parties mutually agreed that the labor charges on invoice 988 were excessive. *Id.*  Cashman alleges that MECS 's representative agreed these labor charges were excessive in regards to the total number of hours necessary to complete the crane work, but that MECS filed suit before the issue of excessive charges could be resolved. *Id.*, p. 3.  In regards to invoice

6

number 1036, Cashman alleges that the repairs charged on this vessel, the JMC 5 are not owed by Cashman, because Cashman had leased the JMC 5 to a third party, Inland Marine Services, LLC (hereinafter "Inland").  Cashman claims that any repairs performed on the JMC 5 were at the request of Inland, and not Cashman, and as a result, Inland is liable to MECS for any unpaid charges on invoice 1036. *Id*. at 4-6.[1]

The Court finds that there are material questions of fact with regard to invoices 988 and 1036.  By not responding to plaintiff's claims for summary judgment on the other invoices, defendant waived its opposition.  Additionally, Cashman admitted that MECS performed the work associated with the other invoices, and Cashman's representative, its operations manager, Jamie Guy, explained that in the on-going relationship Cashman had with MECS, Cashman was "generally satisfied with the quality of work" and only had a particular problem with invoice 988. Rec. Doc. 58, Exhs. 2 & 5.  Accordingly, the Court grants summary judgment in favor of MECS and against Cashman on invoices 892, 919, 926, 947, 959, 962, 972, 974, 1026, and 1090. Rec. Doc. 1, Exh. A.

**D. Attorney's Fees**

In MECS's motion, it asks for reasonable attorney's fees and costs of the proceedings

---

[1]Cashman also argues that it is premature to determine summary judgment on this invoice because the Court has not yet resolved the legal issues relating to impleader of Inland Marine.  Since filing of this motion, the Court has granted Inland Marine's motion to dismiss, and Inland Marine is not a party to this action. Rec. Doc. 66.

pursuant to Louisiana Revised Statute § 9:2781. Rec. Doc. 58, p. 2.   Cashman opposed this by stating that attorney's fees should be awarded under the Louisiana Open Account Statute, but attorney's fees are not recoverable for a breach of a maritime contract. Rec. Doc. 64, p. 6.   Cashman argues that because maritime jurisdiction governs the claims, MECS cannot recover attorney's fees under the Louisiana Open Account Statute because it would interfere with the uniformity of maritime law. *Id.*; *Stevedoring Servs. of Am., Inc. v. Int'l Carriers, Inc.* 1997 WL 40644 at *1 (E.D. La. 1997); *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 405-06 (5th Cir. 2003).   In this case, the Court has determined that the law on open account rather than maritime law applies.   Therefore, MECS is entitled to attorney's fees under the statute. La. Rev. Stat. Ann. § 9:2781.[2]   However, attorney's fees can only be granted after the court determines plaintiff is entitled to the full amount requested in the written demand. *Hayne v. Hardy*, 802 F. 2d 826, 829 (5th Cir. 1986); *Mon River Towing, Inc. v. Alan D. Alario & Associates*, No. 06-3323, 2007 WL 2071661, at *3 (E.D. La. 2007).   Here, the Court has only granted partial summary judgment on invoices 892, 919, 926, 947, 959, 962, 972, 974, 1026, and 1090. Because judgment on invoices 988 and 1036

---

[2]The statute states in pertinent part: "[w]hen any person fails to pay an open account within thirty days after the claimant send written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney's fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant."

has not been granted, the plaintiff is not at this time entitled to the full amount, and therefore attorney's fees and costs may not now be granted.

Accordingly,

IT IS ORDERED that plaintiff's motion is GRANTED IN PART and DENIED IN PART. Rec. Doc. 58.

New Orleans, Louisiana, this 13th  day of March, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE