UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MIKE EVANS                                      CIVIL ACTION

VERSUS                                          NO. 11-1525

CASHMAN EQUIPMENT CORP.                         SECTION: "C" (5)

ORDER AND REASONS

It having come to the Court's attention, through the parties' pretrial memorandum (Rec.

Docs. 77 & 79), that the issue of whether the court should proceed under maritime law in this

case may have been inappropriately decided, the Court vacates the part of its previous ruling

on the motion for summary judgment that dealt with the application of maritime law, part B,

and the part that dealt with attorney's fees, part D. Rec. Doc. 69.  The Court does not vacate the

entire grant of summary judgment. *Id.*  Instead, it finds that its ruling in part C, granting

summary judgment in favor of the plaintiff on invoices 892, 919, 926, 947, 959, 962, 972, 974,

1026, and 1090, shall stand.  However, the Court finds that summary judgment is appropriate

on these invoices as maritime contract claims.

## I. Background to previous decision

The issue of whether this case is governed  by maritime law or the Louisiana Law on Open

Account initially arose in response to Inland Marine's Motion to Dismiss Cashman's third party

complaint. Rec. Doc. 44.  The Court explained in its Order and Reasons GRANTING Inland's motion to dismiss that Rule 9(h) of the Federal Rules of Civil Procedure provides: that a claim will be an admiralty or maritime claim for purposes of Rules 14(c), 38(e) and 82 if (1) jurisdiction is only cognizable as an admiralty or maritime claim, or (2) jurisdiction is cognizable both as admiralty or maritime, and it is within the court's subject-matter jurisdiction on some other grounds, if the pleading designates the claim as admiralty or maritime.  The Court found that jurisdiction was cognizable under another subject-matter (diversity jurisdiction), and that despite there being jurisdiction under both diversity and maritime law, the plaintiff never designated the claim as maritime. Rec. Doc. 66 at 5. Therefore, the Court found that Inland Marine could not be impleaded under Rule 14(c), and the motion to dismiss was appropriately granted. *See also Gable v. Klaipeda Transport Fleet, Ltd.*, 2006 WL 1307954 (S.D. Miss. May 11, 2006); *Kilgore v. Fireman's Fund Insurance Co., et al*, 2008 WL 3557711 (W.D. La. July 18, 2008).

When addressing plaintiff's motion for summary judgment (Rec. Doc. 58), the court erroneously applied the requirement for designating a case as maritime, as was required for impleading Inland Marine.  Rec. Doc. 69.  This requirement only applies with regard to Rules 14(c), 38(e) , and 82 of the Federal Rules of Civil Procedure.  FED.R.CIV.P. 9(h).   When the Court granted partial summary judgment, it also said the plaintiff should receive Attorney's fees under the Louisiana Open Account Statute if it ultimately succeeded in getting a judgment for the full amount requested in the written demand. Rec. Doc. 69 at 8.  While the Court still finds that summary judgment was appropriate and properly granted on the invoices it decided (invoices 892, 919, 926, 947, 959, 962, 972, 974, 1026 and 1090), the ruling regarding Attorney's fees must be vacated because for purposes other than Rule 14(c), 38(e), and 82, this is a maritime claim.

2

**II. Application of Maritime Law and the Implication for Attorney's Fees**

Wright's *Federal Practice & Procedure* § 3671 explains that "[i]n 2004, the Court reiterated that commitment [to rely on maritime law exclusively] in the contract context by holding that federal maritime law governs the interpretation of maritime contracts except in purely local cases that involve no federal interests." *Norfolk Southern R.R. Co. v. Kirby*, 543 U.S. 14 (2004); *see also Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961). Wright's expands: "The substantive rules of admiralty and maritime law will apply to a case if it falls within federal admiralty jurisdiction, regardless of whether a party actually has invoked admiralty jurisdiction." *Kossick*, 365 U.S. at 743, explained that a Court should conduct a two-step analysis to determine whether a contract is governed by maritime law. First, it should look at whether the contract was a maritime one, and then secondly, it should look at whether the contract was nevertheless of such a local nature that its validity should be judged by state law. *Id.*

Here, the contract is maritime and not of such a local nature that it should be governed by state law. MECS was repairing cranes on vessels including a tug boat, and a floating dredge.[1] Rec. Doc. 64 at 6. Repairs to a vessel are maritime in nature. *Jack-O-Lantern*, 358 U.S. 96, 99-100 (1922); *Jambon & Assoc., LLC v. Seamar Divers, Inc.*, 2009 WL 2175980 (E.D. La. 2009); *see also Harkins v. MG Mayer Yacht Services, Inc.*, 952 So.2d 709, 714 (La. App. 4 Cir. 12/13/2006) (cited in plaintiff's pre-trial memorandum for the proposition that a compromise on payment must be reduced to writing, but stating in the case that "a contract to repair a vessel is a maritime contract to which the general maritime law of the United States is applicable.")

Because the Court finds that the case is governed by maritime law, not the Louisiana Law on Open Account, the Court cannot award Attorney's fees on plaintiff's claim. *Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 405 (5th Cir. 2003); *Sea Link Cargo Services Inc. v.*

---

[1]*See, e.g.*, Rec. Doc. 64, Exh. 3 for repair of the JMC 5, a floating dredge, under invoice 1036.

*Marine Centre Inc.*, 380 Fed. Appx. 460, 463, 2010 WL 2294732 (5th Cir. 2010) (finding that Attorney's fees would not be awarded under the Louisiana Open Account Statute because it is a maritime dispute). Additionally, if the plaintiff were to ultimately move for Attorney's fees under the Louisiana Unfair Trade Practices Act, it would have to show that defendant had brought its counterclaim in bad faith or for purposes of harassment. La. R.S. 51:1409(A).

The court apologizes for any inconvenience or confusion caused by its previous ruling on summary judgment. Rec. Doc. 69.  Should the parties wish to raise any <u>new authority</u> on the application of maritime law to the present case, they are to file memoranda on the issue by 4:30 p.m. on April 19, 2013.

Accordingly,

IT IS ORDERED that the Court's partial grant of summary judgment is AMENDED IN PART. Rec. Doc. 69.

IT IS FURTHER ORDERED that the parties shall have until 4:30 p.m. on April 19, 2013 to file memoranda on any <u>new authority</u> relating to the application of maritime law in this case.

New Orleans, Louisiana, this 18th day of April, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE